### FREEMAN v. SPIRO.*
### No. 16581.

Court of Appeal of Louisiana.   Orleans.
March 8, 1937.

Howard W. Lenfant, of New Orleans, for appellant.

Jos. Lautenschlaeger, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a pedestrian against the owner of a building for damages due to

*Rehearing denied March 22, 1937. Certiorari denied April 26, 1937.

physical injuries alleged to have been caused by the falling of a heavy pole attached to an awning depending from a shed which covered the sidewalk in front of the owner's premises. The suit was defended ·upon the ground that the plaintiff was not struck on the head by the 'falling of the awning pole as she claimed, and, if injured at all, the accident was caused by the negligence and fault of plaintiff in walking into and colliding with the awning pole without looking where she was going and, in the alternative, liability is denied upon the ground that at the time of plaintiff's alleged injury the awning was being repaired by Warner Willis, who was an independent contractor for whose negligence defendant is not responsible.

There was judgment below in favor of defendant dismissing plaintiff's suit, and she has appealed.

■ Taking up the defenses in inverse order and considering first the question of independent contractor, we observe that much space is devoted in the briefs of counsel and much time consumed in argument to a discussion of this proposition. On behalf of defendant it is contended that Warner .Willis, who was employed to repair the awning for the small sum of $2, was, in all essential particulars, an independent contractor, whereas plaintiff insists that he was simply a "handy man" of the defendant who was frequently employed to perform sundry odd jobs by the defendant, who exerted his authority as an employer to superintend and direct the execution of the work, and, in the alternative, that the awning was a dangerous instrumentality which takes the case out of the rule concerning independent contractors.

As we view the matter, the issue presented is not controlled by the principles of law applicable to master and servant and its solution must be without consideration of the question of whether the repairs to the awning were undertaken by an independent contractor or by a servant of the defendant.

Article 670, Rev.Civ.Code, reads as follows:

"Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect."

In the very early case of Camp v. Wardens of the Church of St. Louis, 7 La.Ann. 321, our Supreme Court referred to articles 666 and 2302 of the Code of 1825 (now articles 670 and 2322 of the Revised Civil Code), and said:

"That these provisions are entirely independent of the general rules concerning the responsibilities of masters and employers, and not in any manner connected with their relations, is shown conclusively by their place in the code. These articles are in the same chapter, and follow immediately that which provides for the latter, which is numbered 2299. They are evidently founded in an enlightened view of public necessity. They protect the neighbor; the passenger in the street."

The other points raised by defendant as to the reality of the accident and the proposition advanced in the alternative that plaintiff's negligence was the proximate cause of the accident find little support in the testimony which clearly preponderates to the contrary.

■ There remains, therefore, only the question of quantum. Plaintiff's claim, which her counsel insists was, by his direction, confined to modest proportions, amounts to $286.05, of which amount $275 is said to be due for "pain and suffering, past, present and future," the remainder being for a doctor's bill of $10 and medicine which cost $1.05. Plaintiff testified that she suffered very severely from headaches and dizzy spells in consequence of the accident for a period of two months and that she was in bed for about six weeks. She was treated by Dr. Mallowitz who testified that such a blow as she described might cause the pain and suffering she claimed to have undergone, but that there was no objective evidence, meaning, we suppose, that there was no swelling or abrasions of the head and scalp. Plaintiff says she is forty-four years old and had previously been in good health. On the whole, her testimony concerning her injuries impresses us as being much exaggerated and we cannot escape the conviction that her injuries were far less severe than she would have us believe to be the case. It might be true that a blow on the head which left no outward and visible sign could produce the result claimed for it here, but it does not comport with our sense of the probabilities. A nominal award of $100 for pain and suffering plus the medical expenses or a total of $111.05

seems to us proper under the circumstances.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment herein in favor of the plaintiff, Evelyn Freeman, and against the defendant, Ferdinand Spiro, in the sum of $111.05, with legal interest from judicial demand and all costs.

Reversed.